IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEVIN M. ROHRBACH,** *et al.* <br> **Plaintiffs,** <br> v. <br> **NVR, INC.,** *et al.* <br> **Defendants.** | **CIVIL ACTION NO. 19-5847** |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                          **June 28, 2021**

Plaintiffs Kevin and Analia Rohrbach brought this action against Defendant NVR, Inc., a construction company from which they purchased a new home, based on allegedly serious defects in the home. Plaintiffs initially asserted claims for breach of contract, fraudulent inducement, breach of implied warranty, negligence, negligent supervision, and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL").[1] Defendants moved to partially dismiss, and the Court dismissed Plaintiffs' fraudulent inducement and UTPCPL claims with prejudice, and negligence claims without prejudice. Plaintiff filed a motion for reconsideration as to the dismissals with prejudice, which was denied by the Court.[2]

Plaintiffs filed an amended complaint reasserting their negligence claims, and Defendants again moved to dismiss.[3] While Defendant's second motion to dismiss was pending, the Third Circuit decided a case calling into question the Court's previous dismissal with prejudice.[4] The

---

[1] *See* Compl. [Doc. No. 1] ¶¶ 79–127.

[2] *See* Pl.'s Mot. for Reconsideration [Doc. No. 12]; Order dated Nov. 17, 2020 [Doc. No. 18].

[3] *See* Amended Compl. [Doc No. 13]; Def.'s 2nd Mot. to Dismiss [Doc. No. 15].

[4] *See Earl v. NVR, Inc*, 990 F.3d 310 (3d Cir. 2021).

Court will therefore reconsider its previous dismissal of Plaintiffs' UTPCPL and fraudulent inducement claims, and then consider Defendant's second motion to dismiss.

## I. BACKGROUND

### A. Factual Background

Plaintiffs have alleged the following facts, which are assumed to be true at this stage of the litigation. On November 6, 2018, Plaintiffs entered into a written agreement with NVR, trading as Ryan Homes, for the construction and purchase of a new home.[5] NVR and its agents, "by and through express and implied representations, marketing materials, and documents provided during real estate showings and closing, represented that the design and construction of the Home would be of superb quality, building-code compliant, and free of defects."[6] After signing the agreement, Plaintiffs allege that NVR began to "cut corners" in the construction of the home.[7] Plaintiffs further allege that NVR actively concealed issues during the construction and "bullied" them into closing on the home.[8]

Plaintiffs moved into the home on April 26, 2019, and immediately noticed defects.[9] Plaintiffs discovered significant problems in the construction, which caused flooding throughout the property, as well as improperly installed appliances, an insect infestation, and water damage

---

[5] Amended Compl. [Doc No. 13] at ¶¶ 26, 31.
[6] *Id.* ¶ 6.
[7] *Id.* ¶¶ 36–40.
[8] *Id.* ¶¶ 42–45.
[9] *Id.* ¶¶ 46–47.

throughout the house.¹⁰ Plaintiffs allege that NVR refused to fix the identified problems and has offered only minimal, superficial fixes.¹¹

### B. Procedural Background

On January 29, 2021, the Third Circuit heard oral argument in *Earl v. NVR, Inc.*, a case with similar claims against NVR.¹² Given the factual similarities to this case, the Court ordered briefing on whether this case should be held in civil suspense pending the Third Circuit's decision.¹³ After considering the parties' memoranda, the case was placed in suspense.¹⁴

On May 5, 2021, the Third Circuit issued a precedential opinion in *Earl*.¹⁵ The Third Circuit reversed the district court and held that an individual could bring a UTPCPL claim against a home builder. "[S]o long as [a] district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so."¹⁶ In light of the intervening change in law, the Court will reconsider its previous dismissal before turning to Defendant's second motion to dismiss.¹⁷

---

¹⁰ *Id.* ¶¶ 51–52, 54.

¹¹ *Id.* ¶¶ 48–54, 57–62.

¹² *Earl v. NVR, Inc.*, Appeal No. 20-2109 (3d Cir. argued Jan. 29, 2021).

¹³ *See* Order dated Feb. 11, 2021 [Doc. No. 20].

¹⁴ *See* Order dated Feb. 24, 2021 [Doc. No. 23].

¹⁵ *See Earl v. NVR, Inc.*, 990 F.3d 310, 311 (3d Cir. 2021). *Earl* abrogated *Werwinski v. Ford Motor Co.*, 286 F.3d 661 (3d Cir. 2002), which had held that UTPCPL claims were barred under the economic loss doctrine. *See Earl*, 990 F.3d at 314 ("[I]t is now appropriate to set aside our holding in *Werwinski* with respect to the economic loss doctrine's application to UTPCPL claims.").

¹⁶ *In re Anthanassious*, 418 F. App'x 91, 95 (3d Cir. 2011) (quoting *United States v. Jerry,* 487 F.2d 600, 605 (3d Cir.1973)); *see also Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (reconsideration is appropriate where there is "an intervening change in the controlling law"); *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009) (quoting *Swietlowich v. County of Bucks*, 610 F.2d 1157, 1164 (3d Cir.1979)) ("We have also held that 'a trial judge has the discretion to reconsider an issue and should exercise that discretion whenever it appears that a previous ruling, even if unambiguous, might lead to an unjust result.'").

¹⁷ Defendant's second motion to dismiss was unaffected by *Earl*. Although the Third Circuit directed the parties in *Earl* to file additional briefing on an issue integral to Defendant's second motion to dismiss, the Third Circuit

## II. RECONSIDERATION OF THE COURT'S DISMISSAL OF PLAINTIFFS' UTPCPL AND FRAUDULENT INDUCEMENT CLAIMS

In *Earl v. NVR*, the Third Circuit considered an appeal of the dismissal of plaintiff Lisa Earl's UTPCPL claims against defendant NVR, Inc., which had been dismissed under the gist of the action and economic loss doctrines. Similar to the allegations here, Earl had entered into a purchase agreement with NVR for a new home and alleged that NVR made representations about the home's construction, condition, and amenities. Earl alleged that "NVR made false representations to her about the Home prior to the formation of the contract (in terms of how the Home was 'marketed'), in further discussions held during the contract period, and while the Home was in the process of being constructed."[18] Earl further alleged that she had discovered extensive material defects after moving into the home.[19]

The Third Circuit determined that Earl's UTPCPL claims were not barred by either the gist of the action or economic loss doctrines, because her allegations were not contractual in nature. The Third Circuit explained that Earl's claims were "not primarily premised upon the terms of the contract, . . . but on the marketing and representations that induced her to enter into the contract in the first instance, as well as statements made to her by agents of NVR during the homebuilding process."[20] The Third Circuit found that NVR's "alleged actions are collateral to the terms of the contract."[21]

---

determined that it "need not reach the question briefed by the parties as to whether Earl's home constitutes 'other property' that would fall beyond the scope of the economic loss doctrine." *Earl*, 990 F.3d at 314 n.3.

[18] *Earl*, 990 F.3d at 315.

[19] *See id.* at 311–12.

[20] *Id.* at 315.

[21] *Id.*

Writing without the benefit of *Earl*, this Court held that Plaintiffs' UTPCPL and fraudulent inducement claims were barred by the parol evidence rule and dismissed them with prejudice. The Pennsylvania parol evidence rule determines whether prior representations may be used to "to explain or vary the terms of the contract."[22] As in *Earl*, Plaintiffs base their UTPCPL and fraudulent inducement claims on allegations that NVR made fraudulent statements during the homebuilding process in order to induce them to "enter into the contract in the first instance." Plaintiffs also allege that NVR made fraudulent statements during the construction process. *Earl* holds that such allegations and claims are statutory and tortious in nature, and not contractual.[23] Therefore, the parol evidence rule does not bar Plaintiffs' claims. The Court will vacate its Order dated June 24, 2020 as to the dismissal with prejudice of Plaintiffs' UTPCPL and fraudulent inducement claims and allow Plaintiffs to file an amended complaint to reassert these claims.[24]

---

[22] *Roundhill Condo. Ass'n*, 2019 WL 3288103, at *4 (quoting *Peruto v. Santander Bank, N.A.*, No. 16-4092, 2016 WL 6190964, at *3 (E.D. Pa. Oct. 24, 2016)).

[23] "In *Earl*, the Third Circuit held that the false marketing and pre-sale misrepresentations alleged by the plaintiff violated a 'broader social duty owed to all individuals.'" *Earl*, 990 F.3d at 315 (quoting *Bruno*, 106 A.3d at 68). *See also Okulski v. Carvana, LLC*, No. 20-1328, 2021 WL 2223834, at *4 (E.D. Pa. June 2, 2021) (finding that under *Earl*, plaintiff may reassert UTPCPL and fraudulent inducement claims).

[24] In its first motion to dismiss, Defendant also moved to dismiss Plaintiffs' UTPCPL and fraudulent inducement claims for failure to satisfy the heightened pleading standard for fraud. The Court holds that the allegations of fraud are sufficient under Rule 9(b), as Plaintiffs "sufficiently allege[] material misrepresentations" and Plaintiffs' "allegations also plausibly suggest that [their] reliance on Defendants' pre-sale representations was justifiable." *Okulski*, 2021 WL 2223834, at *4 n. 3.

In arguing that Plaintiffs failed to meet the heightened pleading standard for fraud, NVR relied primarily on *McCracken v. Daimler Chrysler Motors Co. LLC*, No. 07-2202, 2008 WL 920344 (E.D. Pa. Apr. 3, 2008). In *McCracken*, a *pro se* plaintiff alleged that vehicles traveling at speeds in excess of 65 miles per hour caused his thyroid cancer, and his claims for fraud rested solely on an allegation that "Chrysler Motors advertised its vehicles without warning of potential risks of radiation exposure when traveling at highway speeds." *Id.* at *1, *6. *McCracken* is not comparable to the case here.

## III. DEFENDANT'S SECOND MOTION TO DISMISS

### A. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[25] The question is not whether the plaintiff ultimately will prevail but whether the complaint is "sufficient to cross the federal court's threshold."[26] In evaluating a challenged complaint, a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[27] However, the Court "need not accept as true 'unsupported conclusions and unwarranted inferences'"[28] or "legal conclusions."[29]

### B. Discussion

Defendant argues that Plaintiffs' claims for negligence and negligent supervision should be dismissed under the economic loss doctrine and the gist of the action doctrine. The economic loss doctrine "limits the availability of tort remedies in favor of contract law among commercial parties when products fail to perform as expected,"[30] and the gist of the action doctrine "prevents

---

[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)); *see also Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011).

[26] *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (citations omitted).

[27] *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (quotation marks omitted).

[28] *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000) (quoting *City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 n.13 (3d Cir. 1998)).

[29] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997) (quoting *Glassman v. Computervision Corp.*, 90 F.3d 617, 628 (1st Cir. 1996)) (internal quotations omitted).

[30] *2-J Corp. v. Tice*, 126 F.3d 539, 540–541 (3d Cir. 1997).

a party from bringing 'a tort claim for what is, in actuality, a claim for breach of contract.'"[31] Both doctrines serve to "maintain the conceptual distinction between breach of contract claims and tort claims,"[32] and under Pennsylvania law, the economic loss doctrine has effectively subsumed the gist of the action doctrine.[33]

To avoid dismissal of tort claims under the Pennsylvania economic loss/gist of the action doctrines, a plaintiff must either show that the defective bargained-for product caused more than just damage to itself,[34] or show a breach of a duty independent of "any contractual duties between the parties."[35] Plaintiffs have failed to make either showing as to their negligence claims.

   1. *Plaintiffs Cannot Show Damage to Other Property*

Tort recovery for defective products, including defective design and construction,[36] is barred where there are only economic injuries, which are defined as "damage for inadequate value, costs of repair and replacement of defective product, consequential loss of property, *without any claim of personal injury or damage to other property*."[37] Therefore, Plaintiffs'

---

[31] *Norfolk S. Ry. Co. v. Pittsburgh & W. Virginia R.R.*, 870 F.3d 244, 256 (3d Cir. 2017) (quoting *Bruno v. Erie Ins. Co.*, 106 A.3d 48, 60 (Pa. 2014))

[32] *New Berry, Inc. v. Manitoba Corp.*, No. 18-1528, 2019 WL 452493, at *4 (W.D. Pa. Feb. 5, 2019).

[33] *Compare Dittman v UPMC*, 196 A.3d 1036, 1054 (Pa. 2018) (finding that the economic loss doctrine does not bar a tort action for economic losses where there is a breach of a duty which "arises independently of any contractual duties between the parties") *with Bruno*, 106 A.3d at 68–69 (explaining that the gist of the action turns on whether the breach duty is created by contract); *see also Sheridan v. Roberts L. Firm*, No. 19-0467, 2019 WL 6726469, at *3 (E.D. Pa. Dec. 11, 2019) (noting that the two doctrines are "effectively coextensive under Pennsylvania law").

[34] *See 2-J Corp.*, 126 F.3d at 542.

[35] *Dittman*, 196 A.3d at 1054.

[36] "Although the economic loss rule originated in products liability law, it is applicable in other contexts, including construction defects claims." *Roundhill Condo. Ass'n v. NVR, Inc.*, No. 19-442, 2019 WL 3288103, at *7 (E.D. Pa. July 22, 2019) (citing *Am. Stores Props., Inc. v. Spotts, Stevens & McCoy, Inc.*, 648 F. Supp. 2d 707, 712–13 (E.D. Pa. 2009)).

[37] *Id.* at *8 (quoting *Am. Stores Props., Inc.*, 648 F. Supp. 2d at 713) (emphasis in original).

negligence claims may go forward if plaintiff is able to show personal injury or damage to "other property," where "other property" is generally considered to be "property other than the project which is the basis of the bargain of the contract."[38]

Plaintiffs assert damage to "other property" here, pointing to allegations of damage to "internal structures," including improperly installed appliances, a damaged door track, an insect infestation within the home, warped door frames, and damage to the backyard.[39] But the interior of the house, and the house component parts, are all part of the bargained-for product. Plaintiffs contracted for both the construction of the home, and for home itself. The internal structures were included in the construction, and part of the home.[40] The same is true of the backyard; throughout the Purchase Agreement, the Home and Lot are referred to collectively as the "Property,"[41] and the signed Purchase Agreement states: "1. What You are buying. The Property You are buying is: Lot #00000052 . . . together with (ii) a home to be built on the Lot . . . ."[42] All of the alleged problems with the purchased property constitute economic injuries.[43]

---

[38] *Id.* (citations and quotations omitted).

[39] Pl.'s Mem. Opp. [Doc. No. 16] at 5, 7.

[40] *See Longport Ocean Plaza Condo., Inc. v. Robert Cato & Assocs, Inc.*, No. 00-2231, 2002 WL 436742, at *5–*7 (E.D. Pa. Mar. 18, 2002) (finding that water damage to a structure caused by faulty doors was not damage to "other property").

Plaintiffs argues that internal structures of a home are "other property" under *Dolan v. Hurd Millwork Company, Inc.*, No. 2951 EDA 2015, 2019 WL 2564535, at *9 (Pa. Super. Ct. June 21, 2019). Pl.'s Mem. Opp. [Doc. No. 16] at 6. But in *Dolan*, the Pennsylvania Superior Court determined that the plaintiff's claims were based on a non-contractual duty, and therefore properly sounded in tort. *See. Dolan*, 2019 WL 2564535, at *8 (explaining that plaintiff's "allegations reach beyond the contractual obligations set forth in the parties' agreement of sale").

[41] Purchase Agreement [Doc. No. 12, Ex. A] at 1–2 ("You are purchasing the Property as …," "You agree to pay the seller for the Property," & "The Limited Warranty of This Agreement is the Only Warranty by Seller Applicable to the Property").

[42] *Id.* at 1 (emphasis omitted).

[43] Plaintiffs also argue that it would be premature to dismiss their negligence claims because the moisture intrusion and damage present on-going dangers which may cause future damage to other property. Pl.'s Mem. Opp. [Doc. No.

### 2. Plaintiffs cannot show a non-contractual duty.

Tort recovery, even for economic losses, is still available where there is a breach independent of contractual obligations.[44] Plaintiffs argue such a breach here, specifically that contractors and builders "owe a duty to the public, third parties, and specially foreseeable plaintiffs to ensure that their work is performed safely and completely."[45] Under Pennsylvania law, contractors are "liable for injuries sustained by the third person caused by the negligence of the contractor."[46] Plaintiff argues that this duty to third parties should be extended to the purchaser.[47] But if the Court were to accept the argument that the party performing a contract had an additional independent duty to the beneficiary of the contract, the distinction between tort and contract claims would be lost.[48] Defendant NVR's Motion to Dismiss will be granted as to Plaintiffs' claims for negligence and negligent supervision will be dismissed.[49]

---

16-1] at 6. But allegations of possible potential harm to unspecified "other property" do not meet the pleading standard.

[44] *See Dittman*, 196 A.3d at 1054.

[45] Pl.'s Mem. Opp. [Doc. No. 16] at 8 (citing *DeTillo v. Carlyn Const., Inc.*, 206 A.2d 376, 378 (Pa. 1965)).

[46] *DeTillo*, 206 A.2d at 378.

[47] Pl.'s Mem. Opp. [Doc. No. 16] at 9 (emphasis in original) ("Accordingly, if a third-party contractor owes a duty of care to avoid injuring a party that it has no relationship with, there is no doubt that a builder must a owe ***a separate social duty*** to a purchaser of its buildings to ensure that the home is built in accordance with all applicable codes.").

[48] *See also Catena v. NVR, Inc.*, 20-00160, 2020 WL 3412348, at *7–8 (W.D. Pa. 2020) (finding that claims arising from defects and deficiencies in the construction of a new home "derived from the Purchase Agreement to deliver the home free from defects," and there were no "independent social or tort" duties).

[49] NVR has also moved to dismiss Plaintiffs' request for treble damages, arguing that "the Court denied their UTPCPL claim, which provided the only lawful basis for their treble damages request." *See* Def.'s Mot. to Dismiss [Doc. No. 15-1] at 7. This will be denied because as discussed below, Plaintiffs will be granted leave to reassert their UTPCPL claim.

## IV. Conclusion

Plaintiffs' claims for negligence and negligent supervision are barred by the economic loss/gist of the action doctrine and will be dismissed with prejudice.[50] Furthermore, in light of the Third Circuit's precedential opinion in *Earl*, the Court will vacate its June 24, 2020 Opinion, as to its dismissal with prejudice of Plaintiffs' UTPCPL and fraudulent inducement claims. Plaintiffs may file an amended complaint consistent with this opinion, to which Defendants shall respond. An order will be entered.

---

[50] The Court finds that further amendment as to these claims would be futile and therefore dismissal with prejudice is appropriate. *See Phillips*, 515 F.3d at 224.